| | |
|---|---|
| DISTRICT COURT, PUEBLO COUNTY, COLORADO<br><br>Court Address:   501 North Elizabeth Street<br>                           Pueblo, CO 80903 | DATE FILED: February 20, 2019 6:23 PM<br>FILING ID: 437DFFC36B789<br>CASE NUMBER: 2018CV30830 |
| Plaintiff:   Lisa Aguilar<br><br>v.<br><br>Defendants: Brian Albright and Fieldcore, a G.E. Company F/D/B/A Granite Services, Inc. | ▲COURT USE ONLY▲ |
| Attorneys for Plaintiff:<br>Tonya L. Melnichenko, #32152<br>Erica A. Vecchio, #36983<br>Franklin D. Azar & Associates, P.C.<br>5536 Library Lane<br>Colorado Springs, CO 80918<br>Phone Number:  (303) 757-3300<br>Fax Number:     (303) 759-5203<br>E-Mail:            melnichenkot@fdazar.com<br>                      vecchioe@fdazar.com | Case Number:  2018CV030830<br><br>Division:  405 |
| **AMENDED COMPLAINT** | |

Lisa Aguilar, by and through her attorneys, Franklin D. Azar and Associates, P.C., for her Amended Complaint against the Defendants, states and alleges as follows:

## JURISDICTION AND VENUE

1. Ms. Aguilar is, and at all times relevant hereto was, a resident of the County of Pueblo, State of Colorado.

2. Upon information and belief, at all times relevant hereto, Defendant Brian Albright (hereinafter "Defendant") is an individual resident of Grainger County, Tennessee.

3. Upon information and belief, at all times relevant hereto, Defendant Fieldcore, a G.E. Company F/D/B/A Granite Services, Inc. (hereinafter "Defendant Fieldcore") is a corporation with its principal place of business in Florida.

4. Jurisdiction is proper in this action pursuant to C.R.S. § 13-1-124, as the incident underlying this cause of action occurred within the County of Pueblo, State of Colorado.

5. Venue and jurisdiction are proper in this Court pursuant to C.R.C.P. 98(c)(5), as the incident underlying this cause of action occurred within the County of Pueblo, State of Colorado.

## **GENERAL ALLEGATIONS**

6. On or about June 21, 2016, Defendant was in an automobile collision ("collision") with Ms. Aguilar.

7. Ms. Aguilar was injured in the collision.

8. The collision occurred at approximately 11:10 pm.

9. The collision occurred at or near the intersection of 199 West 13th Street and North Main Street in Pueblo County, Colorado.

10. Prior to the collision, Ms. Aguilar was traveling northbound on North Main Street.

11. Prior to the collision, Defendant was traveling eastbound on 13th Street, approaching the intersection of North Main Street.

12. Defendant failed to stop at the light and struck Ms. Aguilar.

13. Defendant did not take evasive action to avoid the collision.

14. Ms. Aguilar's vehicle was struck on the left side of her vehicle.

15. At the time of the collision, Ms. Aguilar was driving a 2006 Chevy Impala.

16. At the time of the collision, Defendant was driving a 2016 Chevy Silverado.

17. At the time of the collision, Defendant was employed by and acting within the course and scope of his employment by Defendant Fieldcore.

18. Ms. Aguilar's vehicle sustained heavy damage to the left front side as a result of the collision.

19. Defendant's vehicle sustained front end damage as a result of the collision.

20. Defendant did not maintain control of his vehicle.

21. Defendant did not keep a proper look out.

22. Pueblo Police Department investigated the collision.

23. Officer Ryan Massmann prepared a State of Colorado Traffic Accident Report.

24. Officer Massmann opined that Defendant's actions the cause of the collision.

25. Officer Massmann cited Defendant with Failing to Yield at Yield Intersection.

26. The collision was caused solely by the careless acts of Defendant.

27. Defendant's careless driving caused bodily injury to Ms. Aguilar.

28. Ms. Aguilar did nothing to cause the collision.

29. Ms. Aguilar was properly restrained at the time of the collision.

30. At the time of the collision, Defendant was required to follow all traffic rules and regulations in force and effect.

31. At the time of the collision, Defendant operated his vehicle in disregard for the traffic rules and regulations in effect.

32. Defendant's unreasonable acts on the occasion in question were in violation of his duty of care to Ms. Aguilar.

33. Defendant's unreasonable conduct at the time of the collision was sufficient to cause and did cause injury to Ms. Aguilar.

34. No third party caused Defendant to strike the rear of Ms. Aguilar's vehicle.

35. No third party caused, or contributed to the cause of the accident and Ms. Aguilar's injuries, damages, and losses.

## FIRST CLAIM FOR RELIEF
*(**Negligence Against Defendant Albright**)*

36. Plaintiff incorporates all prior allegations as though fully set forth herein.

37. The actions of Defendant at the time of the collision, including, but not limited to, careless driving was negligent.

38. The collision was caused by the negligence, carelessness, and recklessness of Defendant in the operation of his motor vehicle.

39. As a direct, proximate and foreseeable result of the negligence of Defendant, Ms. Aguilar suffered physical injuries and past and future damages, including physical pain and suffering, inconvenience, loss of enjoyment of life, mental anguish, medical, hospital and doctor bills, loss of earnings and earning capacity, permanent impairment and permanent disfigurement, in amounts to be determined at the time of trial.

## SECOND CLAIM FOR RELIEF
*(**Negligence Per Se Against Defendant Albright**)*

40. Plaintiff incorporates all prior allegations as though fully set forth herein.

41.     In the course of the motor vehicle accident described above, Defendant violated C.R.S. § 42-4-1402, Careless Driving.

42.     In the course of the motor vehicle accident described above, Defendant violated C.R.S. § 42-4-1401, Reckless Driving.

43.     In the course of the motor vehicle accident described above, Defendant violated C.R.S. § 42-4-703, Failure to Yield the Right of Way.

44.     Ms. Aguilar is a member of the class of persons which the aforementioned statutes were intended to protect.

45.     The above-described actions of Defendant constitute negligence *per se*.

46.     As a direct, proximate, and foreseeable result of the negligence *per se* of Defendant, Ms. Aguilar suffered physical injuries and past and future damages, including physical pain and suffering, inconvenience, loss of enjoyment of life, mental anguish, medical, hospital and doctor bills, loss of earnings and earning capacity, permanent injury, permanent impairment and permanent disfigurement, in amounts to be determined at the time of trial.

### THIRD CLAIM FOR RELIEF
### (*Respondeat Superior* Against Defendant Fieldcore)

47. Plaintiff incorporate all prior allegations as though fully set forth herein.

48. Upon information and belief, Defendant Albright was employed by and acting within the course and scope of his employment and/or in some other agency relationship with Defendant Fieldcore at the time of the incident.

49. Pursuant to the doctrine of *Respondeat Superior*, Defendant Fieldcore is legally liable and responsible for the injuries, damages, and losses sustained by Plaintiff due to the negligence of Defendant Albright in operating the vehicle within the course and scope of his employment.

WHEREFORE, Plaintiff requests the Court enter judgment against Defendants for all general damages, special damages, all statutory and necessary costs including, but not limited to, attorney's fees and costs, expert witness fees, expenses incurred in the investigation and discovery required to present Ms. Aguilar's claims, pre- and post-judgment interest at the requisite rate, and for such other and further relief as this Court shall deem proper, just and appropriate under the circumstances.

Dated February 20, 2019

FRANKLIN D. AZAR & ASSOCIATES, P.C.

*s/Tonya L. Melnichenko*
Tonya L. Melnichenko, #32152
Erica A. Vecchio, #36983
ATTORNEYS FOR PLAINTIFF

**Plaintiff's Address:**
**2420 West 17th Street**
**Pueblo, Colorado 81003**